UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 00-872 CAS (CWx) | | Date | February 23, 2009 |
|---|---|---|---|---|
| Title | RAFI M KHAN V. SHAMROCK PARTNERS, ET AL. (APPEALS CASE: 05-56882) | | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Mir Saied Kashani | David Shaub |
| | Neil Epstein |

**Proceedings:** **DEFENDANTS/COUNTER-CLAIMANTS' MOTION FOR AN ORDER DIRECTING THE CLERK TO PAY THE AMOUNT DEPOSITED AND ACCRUED INTEREST TO SUBSTITUTED DEFENDANT OR, ALTERNATIVELY, FOR AN ORDER PRESERVING THE STATUS QUO UNTIL FURTHER ORDER OF COURT** (filed 1/23/09)

## I. INTRODUCTION & BACKGROUND

Defendant Shamrock Partners, Ltd. ("Shamrock") was a registered securities broker-dealer. Plaintiff Rafi Khan ("Khan") is a stockbroker who operated a branch office of Shamrock. Defendant James T. Kelly ("Kelly") was the president and resident principal of Shamrock. Pursuant to a Clearing Agreement between Shamrock and Khan, executed on October 21, 1994, Khan was to receive commissions for various types of securities trades. In 1996, Khan referred Modacad Corporation ("Modacad") and Computone Corporation ("Computone") to Shamrock as investment banking consulting clients. Both Modacad and Computone entered agreements with Shamrock pursuant to which they issued 250,000 and 200,000 warrants, respectively, to Shamrock to purchase their stock. On various occasions, Shamrock issued instructions, signed by Kelly, to issue portions of the Modacad and Computone warrants to Khan.

On January 26, 2000, Khan filed suit against Shamrock and Kelly alleging (1) breach of contract with respect to the Modacad warrants; (2) conversion with respect to the Modacad warrants; (3) unjust enrichment with respect to the Modacad warrants; (4) quantum meruit as to the Modacad warrants; (5) common fund with respect to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 00-872 CAS (CWx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | RAFI M KHAN V. SHAMROCK PARTNERS, ET AL. (APPEALS CASE: 05-56882) | | |

Modacad warrants; (6) breach of contract with respect to the Computone warrants; (7) breach of the covenant of good faith and fair dealing with respect to the Computone warrants; (8) conversion with respect to the Computone warrants; (9) unjust enrichment with respect to the Computone warrants; (10) quantum meruit as to the Computone warrants; (11) common fund in connection with the Computone warrants; and (12) fraudulent conveyance with respect to the transfer of Shamrock to Phillip Louis Trading, Inc. See Joint Pre-Trial Conference Order ("JPTO") at 5-17. Shamrock and Kelly alleged the following against Khan based on Khan's purported violations of rules and regulations of the NASD, SEC and other governing bodies: (1) declaratory relief with respect to rights under the Clearing Agreement; (2) intentional misrepresentation; (3) fraudulent concealment; (4) equitable indemnity; (5) breach of contract; and (6) breach of fiduciary duty. Id. at 18-35.[1]

The seven-day trial of this case commenced on June 21, 2005, and concluded on July 7, 2005.[2] On July 7, 2005, the jury returned its verdict on a Special Verdict Form which (1) awarded plaintiff damages of $1,963,018.13 for Shamrock's breach of the Clearing Agreement; (2) found Shamrock and Kelly liable for conversion and awarded compensatory damages of $1,963,018.13, punitive damages of $2,000,000 against Shamrock, and punitive damages of $2,000,000 against Kelly; and (3) found that both Shamrock and Kelly were unjustly enriched and awarded damages of $1,952,707.

On September 16, 2005, this Court ruled on the parties' Rule 50 motions for judgment as a matter of law. The Court held that (1) it was not appropriate to pierce the corporate veil and impose alter ego liability on Kelly; (2) an award of prejudgment interest would be improper because Khan elected recovery under a conversion theory rather than a contract theory; (3) the jury's verdicts for conversion against Shamrock and Kelly were not barred by Pennsylvania's "gist of the action doctrine"; (4) the evidence supported the jury's award of punitive damages against Shamrock and Kelly; and (5)

---

[1] Phillip Louis Trading, Inc. and Castle Investors, Inc. are also defendants in this case.

[2] The case was tried on the following days: June 21, 2005; June 22, 2005; June 23, 2005; June 24, 2005; June 29, 2005; June 30, 2005; and July 7, 2005.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 00-872 CAS (CWx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | RAFI M KHAN V. SHAMROCK PARTNERS, ET AL. (APPEALS CASE: 05-56882) | | |

Khan was not entitled to an award for unjust enrichment because he elected to recover under a conversion theory.

On September 19, 2005, judgment was entered for Khan in the amount of (1) $1,963,018.13 for conversion against Shamrock and Kelly, jointly and severally; (2) $2,000,000 for punitive damages for conversion against Kelly, individually; and (3) $2,000,000 for punitive damages for conversion against Shamrock. On approximately November 17, 2005, Khan began execution proceedings against Kelly. By March 29, 2006, Khan had received $2,709,558 towards payment of the $3,963,018.13 judgment against Kelly. On March 29, 2006, the Court issued an Order for Posting Cash Security to Stay Enforcement of the Judgment and Release of Liens and Property. This order provides, in pertinent part

> If the judgment is reversed as to defendant Kelly, upon presentation of the final decision of the 9th Circuit Court of Appeal[s] on the appeal of the above-referenced matter, the Clerk shall immediately pay all funds to Mr. Kelly. In no event shall any funds be released to Mr. Kelly or his order without prior order of this Court except as provided herein.
> . . .
> Counsel for Defendant Kelly or Plaintiff Khan may apply to this Court on an expedited basis for any further relief necessary to implement the terms of this Order.

On March 30, 2006, Kelly posted a bond of $1,550,575 with the Clerk of Court pursuant to the Court's order.

On September 8, 2008, the Ninth Circuit issued an order which affirmed in part and reversed in part this Court's rulings and remanded the case for a re-election of remedies. The Ninth Circuit held that (1) Pennsylvania's "gist of the action" doctrine barred Khan's conversion claims against Shamrock and Kelly; (2) the Court did not abuse its discretion with respect to its jury instructions regarding Shamrock's breach of the Clearing Agreement; (3) the Court did not abuse its discretion in excluding evidence regarding defendants' state of mind; (4) the Court correctly declined to impose alter ego liability on Kelly; and (5) the Court did not abuse its discretion by staying the judgment enforcement proceedings. Shaub Decl., Ex. E. The Ninth Circuit further declined to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 00-872 CAS (CWx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | RAFI M KHAN V. SHAMROCK PARTNERS, ET AL. (APPEALS CASE: 05-56882) | | |

reach the issue of whether damages for unjust enrichment may be awarded in addition to damages for conversion because of its ruling that the "gist of the action" doctrine bars recovery for conversion. Id.

On January 23, 2009, defendant, John E. Schmidt,[3] Executor of the Estate of James T. Kelly, filed the instant motion for return of funds. On February 9, 2009, plaintiff filed his opposition. On February 17, 2009, defendant filed his reply. The Court held a hearing on February 23, 2009. After carefully considering the parties' arguments, the Court finds and concludes as follows.

## II. DISCUSSION

Defendant argues that the Ninth Circuit's decision removes plaintiff's conversion claim and that plaintiff's sole remedy on remand with respect to him is the $1,952,707 in damages for unjust enrichment. Mot. at 10. Defendant further argues that an entry of judgment against him for unjust enrichment is inappropriate because Khan has already recovered $2,709,558 through execution proceedings against Kelly, which exceeds the potential $1,952,207 unjust enrichment judgment by $756,851. Id. Defendant contends that plaintiff has already been paid in full for any judgment potentially obtainable against him and that there is no reason to deny his motion for an order directing the Clerk to pay the $1,550,575 to him. Id. at 11.

Alternatively, defendant argues that if the Court does not issue an order directing the clerk to pay the $1,550,575 to him, the Court should issue an order (1) directing the clerk not to make any payment from the account to any party or other person or entity until further order of the Court directing such payment; (2) directing each of the parties not to request or cause the clerk to make any such payment until further order of the Court; and (3) scheduling a hearing at the earliest convenience of the Court to determine the disbursement of the funds deposited with the clerk.

Plaintiff responds that releasing the bond at this time would be premature. Opp'n at 2. Plaintiff argues that per the Ninth Circuit's opinion, he is now entitled to elect

---

[3] Schmidt, in his capacity as executor of the estate of James T. Kelly, seeks to be substituted as defendant in place of James T. Kelly.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 00-872 CAS (CWx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | RAFI M KHAN V. SHAMROCK PARTNERS, ET AL. (APPEALS CASE: 05-56882) | | |

contractual damages against defendants, including unjust enrichment. Id. Plaintiff contends that under Pennsylvania law, the unjust enrichment award of $1,952,707 is subject to pre-judgment and post-judgment interest at a rate of 6% per annum. Id. at 6 (citing Dasher v. Dasher, 542 A.2d 164, 164-65 (Pa. Super. 1988)). Plaintiff further contends that the Court has discretion to compound the interest. Id. (citing Sack v. Feinman, 413 A.2d 1059, 1065 (Pa. 1980)). Plaintiff argues that compound interest is especially appropriate here because Kelly was enriched by the value of plaintiff's warrants, which Kelly converted to avoid a loss on his improper short-selling scheme. Id. at 7. Plaintiff contends that, with compound interest, the amount owed totals $2,881,464 and exceeds the amount that he previously collected. Id. at 8.

Plaintiff further argues that he is currently negotiating with defendants and if this matter is not otherwise resolved before February 23, 2009, he will file a motion to re-elect his remedies and for entry of judgment against defendants. Id. Plaintiff contends that a release of the bond at this time would be premature because the re-election of remedies and entry of a new judgment should take place shortly and any funds can be released at that time. Id. at 9.

Defendant responds that plaintiff admits that the most he may claim from the amount on deposit is $160,000 and that, at the very least, the remainder of the $1,550,575 – $1,390,575 – should be released to him. Reply at 3 (citing Opp'n at 8 ("With interest and compound interest, Kelly owes Mr. Khan a total of $2,881,464, of which approximately $2.7 million was collected as of March 29, 2006. There remains approximately $160,000 which needs to be paid from the bond.")). Defendant further argues that plaintiff is not entitled to obtain judgments for both breach of contract and unjust enrichment under Pennsylvania law. Id. at 7 (citing Wilson Area School District v. Skeston, 895 A.2d 1250, 1254-55 (Pa. 2006) ("[I]t has long been held in this Commonwealth that the doctrine of unjust enrichment is inapplicable when the relationship between parties is founded upon a written agreement or express contract.")). Moreover, defendant argues that plaintiff is not entitled to a judgment for unjust enrichment against Kelly or his estate because Kelly was not party to the contract and Kelly did not do anything misleading or improper in connection with the contract. Id. at 9. Defendant further argues that plaintiff's argument that Kelly "drained Shamrock of assets" is refuted by the jury's finding that the following had not been proven

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 00-872 CAS (CWx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | RAFI M KHAN V. SHAMROCK PARTNERS, ET AL. (APPEALS CASE: 05-56882) | | |

(1) There was a failure to segregate funds of the separate entities and unauthorized diversion of corporate funds or assets to other than corporate uses;
(2) Mr. Kelly treated the corporate assets as his own; and
(3) There was diversion of assets from the corporation to Mr. Kelly to the detriment of creditors

Special Verdict Form, ¶¶ 32(h)-(i), (m).

Defendant acknowledges that plaintiff would be entitled to pre-judgment and post-judgment interest on his unjust enrichment claim. Reply at 11. However, defendant argues that the Court does not have discretion to compound the interest on the judgments that plaintiff obtains pursuant to Pennsylvania law. Id. (citing Fidelity-Philadelphia Trust Co. v. Simpson, 143 A. 202, 205 (Pa. 1928); Gervis v. Kay, 144 A. 529, 531 (Pa. 1928)). Defendant further contends that adding pre-judgment interest and post-judgment interest to the judgment amount of $1,952,707 totals $2,672,560.14, which is less than the $2,722,558.10 that plaintiff has already received. Id. at 13-14.

The Court concludes that a briefing schedule should be set to determine (1) whether plaintiff is entitled to recover on a breach of contract theory and an unjust enrichment theory under Pennsylvania law and (2) whether plaintiff is entitled to an award of compound interest on his unjust enrichment claim. The Court further orders that $1,300,575 of the bond should be paid to defendant because plaintiff acknowledges that his maximum recovery from the amount on deposit is $160,000. Out of an abundance of caution, the Court orders that $250,000 of the $1,550,575 shall be withheld pending further order of Court.

**V.   CONCLUSION**

In accordance with the forgoing, the Court hereby GRANTS defendant's motion and orders the Clerk of Court to pay $1,300,575 to defendant.

IT IS SO ORDERED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 00-872 CAS (CWx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | RAFI M KHAN V. SHAMROCK PARTNERS, ET AL. (APPEALS CASE: 05-56882) | | |

|  | 00 : 05 |
|---|---|
| Initials of Preparer | CMJ |