UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:00-cv-00872-CAS-(CWx) | Date | November 4, 2013 |
|---|---|---|---|
| Title | RAFI M. KHAN V. SHAMROCK PARTNERS, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:    Attorneys Present for Defendant:

Not Present                           Not Present

**Proceedings:**   **(In Chambers:)** MOTION FOR CONTEMPT (Dkt. 792, filed October 31, 2013)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of November 18, 2013, is vacated, and the matter is hereby taken under submission.

Judgment creditors served third party Samuel Ben Moshe with a subpoena duces tecum on October 3, 2013. This subpoena required Mr. Moshe to supply judgment creditors with "all documents, notes, and electronic documents relating to the property listing of 501 Haverstock Rd., La Canada Flintridge, CA 91011 . . . ." Judgment creditors represent that they require this information in connection with their application to sell judgment debtor Rafi Khan's property, which is currently scheduled for a hearing on November 25, 2013. Judgment creditors now move to hold Mr. Moshe in contempt for failing to respond to the subpoena duces tecum. Judgment creditors further represent to the Court that Mr. Moshe has been purposely evading their attempts to discuss the subpoena with him.

The Court has reviewed the judgment creditors' arguments, and hereby DENIES the motion for contempt, without prejudice to being renewed at a later date. Even assuming that judgment creditors are accurately describing Mr. Moshe's efforts to avoid complying with the subpoena duces tecum, the Court finds that contempt sanctions are not warranted at this stage. In particular, judgment creditors have not yet moved to compel Mr. Moshe's compliance with the subpoena. Although a motion to compel is not an absolute prerequisite for contempt sanctions, "[a]s a general matter . . . the more prudent practice for the court is to issue such an order before entertaining a motion for contempt." U.S. S.E.C. v. Hyatt, 621 F.3d 687, 694 (7th Cir. 2010); see also 9A Charles

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:00-cv-00872-CAS-(CWx) | Date | November 4, 2013 |
|---|---|---|---|
| Title | RAFI M. KHAN V. SHAMROCK PARTNERS, ET AL. | | |

A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2465 (3d ed. 2008) ("The district judge normally will preface a contempt citation with an order directing either compliance with the subpoena or a showing of an excuse for the noncompliance."). Accordingly, if Mr. Moshe's noncompliance continues, judgment creditors may wish to notice a motion to compel before the magistrate judge in this case.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |